**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Arnold Ira FRANCO, Defendant–Appellant.**

**No. 92–2006.**

United States Court of Appeals,
Tenth Circuit.

Dec. 14, 1992.

James Tierney, Asst. U.S. Atty. (Don J. Svet, U.S. Atty., Tara C. Neda, Asst. U.S.

Atty., with him on the brief), Albuquerque, NM, for plaintiff-appellee.

Kenneth R. Brown, Salt Lake City, UT, for defendant-appellant.

Before BRORBY, Circuit Judge, McWILLIAMS, Senior Circuit Judge, and KELLY, Circuit Judge.

BRORBY, Circuit Judge.

Arnold Ira Franco was convicted of three charges: 1) distribution of less than 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); 2) unlawful carrying of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1); and 3) possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a). This is an appeal of only the later two convictions which involve a firearm. Mr. Franco claims the firearm was obtained through an illegal search. The United States contends the firearm was obtained by a legal warrantless search incident to the arrest of Mr. Franco. We agree with the United States and affirm.

## I.

Mr. Franco attempted to purchase a handgun from a Dr. Egelman, who operated a business called "Sporting Chance," that sold firearms. Dr. Egelman believed the attempted purchase was an illegal "straw purchase" and refused to sell the firearm. He subsequently notified an agent of the Alcohol, Tobacco and Firearms Department of the attempted purchase, and the agent initiated an investigation.

By prior arrangement between Dr. Egelman and the agent, Dr. Egelman introduced the agent (acting in an undercover capacity) to Mr. Franco. In a series of meetings, Mr. Franco and the agent arranged that the agent would provide to Mr. Franco a silenced pistol in exchange for cocaine that Mr. Franco would obtain and deliver to the agent.

Mr. Franco met with the agent in a parking lot. The agent arrived in an undercover Government truck, and Mr. Franco arrived in his vehicle. Mr. Franco parked his vehicle in close proximity to the agent's and entered the agent's truck. In a taped conversation, Mr. Franco informed the agent that he was "very well covered."

Mr. Franco then exited the agent's truck, opened the driver's door of his vehicle, leaned down into the driver's side of the passenger compartment, and then returned to the agent's truck. Mr. Franco handed the agent a plastic bag containing cocaine. After the cocaine was delivered, an unidentified van drove into the parking lot. The van apparently frightened Mr. Franco, and he exited the agent's truck and sat in his vehicle. After the van exited the parking lot, Mr. Franco returned to the agent's truck and the agent gave Mr. Franco a pistol in exchange for the cocaine. The agent gave a verbal arrest signal, and Mr. Franco was arrested.

Mr. Franco's vehicle was subsequently searched, and a .22 magnum revolver was found under the floor mat on the driver's side of the passenger compartment. Mr. Franco moved to suppress the gun. The trial court did not conduct an evidentiary hearing and denied the motion on the basis of the contents of the motion and the response.

## II.

In this appeal we accept the trial court's findings of facts unless they are clearly erroneous, *United States v. Butler*, 904 F.2d 1482, 1484 (10th Cir.1990), and we consider the evidence in the light most favorable to the Government. *United States v. McAlpine*, 919 F.2d 1461, 1463 (10th Cir.1990). Whether or not the search was reasonable under the Fourth Amendment is a conclusion of law we review de novo. *Butler*, 904 F.2d at 1484.

Mr. Franco contends the location of the search, his vehicle, was remote from the location of the arrest, the Government truck, and that therefore the search was not legally "incident to the arrest" within the meaning of that exception to the warrant requirement of the Fourth Amendment.

[1] The Fourth Amendment prohibits "unreasonable searches and seizures." It does not, of course, "proscribe all state-initiated searches and seizures; it merely proscribes those which are unreasonable." *Florida v. Jimeno,* — U.S. —, —, 111 S.Ct. 1801, 1803, 114 L.Ed.2d 297 (1991). To determine whether a search is reasonable a court balances Fourth Amendment and other legitimate governmental interests, such as protection of law enforcement officers. *See e.g., Maryland v. Buie,* 494 U.S. 325, 331, 110 S.Ct. 1093, 1096, 108 L.Ed.2d 276 (1990); *Michigan v. Long,* 463 U.S. 1032, 1049–50, 103 S.Ct. 3469, 3480–81, 77 L.Ed.2d 1201 (1983). A search is usually *per se* unreasonable unless it is conducted pursuant to a warrant. *See Griffin v. Wisconsin,* 483 U.S. 868, 873, 107 S.Ct. 3164, 3168, 97 L.Ed.2d 709 (1987); *Coolidge v. New Hampshire,* 403 U.S. 443, 474, 91 S.Ct. 2022, 2042, 29 L.Ed.2d 564 (1971); *Katz v. United States,* 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967). Warrantless searches, however, may be reasonable pursuant "to a few specifically established and well-delineated exceptions," *Katz,* 389 U.S. at 357, 88 S.Ct. at 514, such as when the search is consented to, *Jimeno,* — U.S. at —, 111 S.Ct. at 1803, when " 'special needs, beyond the normal need for law enforcement, make the warrant and probable-cause requirement impracticable,' " *Griffin,* 483 U.S. at 873, 107 S.Ct. at 3168 (quoting *New Jersey v. T.L.O.,* 469 U.S. 325, 351, 105 S.Ct. 733, 748, 83 L.Ed.2d 720 (1985) (Blackmun, J. concurring)), or when those who seek exemption from the constitutional mandate demonstrate that "the exigencies of the situation made that course imperative." *McDonald v. United States,* 335 U.S. 451, 456, 69 S.Ct. 191, 193, 93 L.Ed. 153 (1948).

[2, 3] A warrant is not required for a search incident to an arrest because the search prevents the arrestee from reaching weapons or destructible evidence. *Illinois v. Rodriguez,* 497 U.S. 177, 185, 110 S.Ct. 2793, 2799, 111 L.Ed.2d 148 (1990); *Chimel v. California,* 395 U.S. 752, 763, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685 (1969). The scope of the warrantless search under this exception is restricted to the person of the arrestee and to any area into which the arrestee could reach. *Chimel,* 395 U.S. at 763, 89 S.Ct. at 2040. For automobiles this means that if the arrestee is the occupant of an automobile a police officer may, as a contemporaneous incident to the arrest, search the passenger compartment of the automobile. *New York v. Belton,* 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981). The automobile rule was adopted because courts found " 'no workable definition of "the area within the immediate control of the arrestee" when that area arguably include[d] the interior of an automobile and the arrestee [was] its recent occupant.' " *Long,* 463 U.S. at 1048–49, 103 S.Ct. at 3480 (quoting *Belton,* 453 U.S. at 460, 101 S.Ct. at 2864). The automobile search is generally reasonable even if the arrestee is already secured and away from the vehicle to be searched. *United States v. Cotton,* 751 F.2d 1146, 1149 (10th Cir.1985); *United States v. White,* 871 F.2d 41, 44 (6th Cir.1989); *see also Belton,* 453 U.S. at 456, 101 S.Ct. at 2862 (search of automobile passenger compartment was reasonable after arrestee was removed from automobile and secured).

### III.

[4] Mr. Franco was arrested in a Government truck that was parked in close proximity to his vehicle. He contends that because he was arrested in the Government truck, the search of his vehicle was not incident to that arrest. Although the claim is plausible because a search incident to an arrest that is too remote in time or place is outside the scope of the exception, *Preston v. United States,* 376 U.S. 364, 367, 84 S.Ct. 881, 883, 11 L.Ed.2d 777 (1964), we find no such attenuation in this case. Here, the two vehicles parked adjacent to each other comprised the location of the illegal transaction and the location of the arrest. In the course of the illegal conduct, Mr. Franco moved between the Government truck and his vehicle two times; the first time to obtain a bag of cocaine, and the second time because an unidentified vehicle entered the parking lot. The record does not indicate any significant

lapse of time occurred as Mr. Franco moved from one vehicle to the other, and back. Mr. Franco's access to his vehicle during the course of the transaction established he was in control of his vehicle at that time and at the time of the arrest. Mr. Franco used his vehicle to transport the illegal drugs to the agreed site and to store the drugs at the site pending delivery.

Incident to an arrest, police officers may search a vehicle of which the arrestee was a recent occupant. *Belton*, 453 U.S. at 460, 101 S.Ct. at 2864. Such a search is permissible notwithstanding the fact that the arrestee is out of the automobile and under the control of the officer. *Cotton* 751 F.2d at 1149. Mr. Franco was a recent occupant of his vehicle and the arrest was made in close proximity to his vehicle. During the illegal transaction Mr. Franco exercised control over his vehicle and its contents. On these facts the location of the arrest does not distinguish this case from *Cotton.* We repeat here what we stated in *Cotton:*

> The facts surrounding each arrest are unique and it is not by any means inconceivable under those various possibilities that an arrestee could gain control of some item within the automobile. The law simply does not require the arresting officer to mentally sift through all these possibilities during an arrest, before deciding whether he may lawfully search within the vehicle.

*Id.* at 1148.

Mr. Franco asks this court to adopt a formal rule that unless an arrest was made in the arrestee's automobile, a search of the automobile was not "incident to the arrest" for the purpose of that exception to the warrant requirement. We decline to adopt such a rule. Mr. Franco exercised control over his vehicle and its contents at the time of the arrest and during the commission of the offense, and was its immediate occupant. Accordingly, the search served to protect the safety of the law enforcement officers. Mr. Franco does not argue, and the record does not indicate, that anything transpired between the arrest and the search that made the search unreasonable.

The decision of the district court is AFFIRMED.