**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael HUGABOOM, Defendant–
Appellant.**

**No. 91–2275.**

United States Court of Appeals,
Tenth Circuit.

Jan. 21, 1993.

Charles S. Aspinwall, Albuquerque, NM,
for defendant-appellant.

Tara C. Neda, Asst. U.S. Atty. (Don J.
Svet, U.S. Atty. with her on the brief),
Albuquerque, NM, for plaintiff-appellee.

Before BALDOCK, SETH and KELLY,
Circuit Judges.*

PAUL KELLY, Jr., Circuit Judge.

On February 7, 1991, officers executed a
search warrant for the residence of Robert
Brown. A methamphetamine laboratory
was discovered and Defendant-appellant
Michael Hugaboom, who was present at
the time, was arrested. The facts of the
case are more fully set forth in *United
States v. Brown*, 984 F.2d 1074 (10th Cir.
1992).

Mr. Hugaboom was tried along with Rob-
ert Brown and Howard Beard and convict-
ed of conspiracy to manufacture metham-
phetamine in violation of 21 U.S.C. §§ 846,
841(a)(1), and 841(b)(1)(C). Mr. Hugaboom
appeals, arguing that no probable cause
existed to support his arrest and evidence
seized as a result of that arrest should
have been suppressed. We affirm.

■ Defendant argues that his arrest
was predicated on "mere presence." We
disagree. Officers were executing a valid
warrant when they encountered the very
strong odor associated with a methamphet-
amine laboratory. *United States v.
Brown*, 984 F.2d 1074. During the execu-
tion of a previous search warrant at this
residence, Mr. Hugaboom attempted to es-
cape the scene, but was apprehended. Of-
ficers testified that all those present, in-
cluding Defendant, had the same smell of a
methamphetamine laboratory. Drug para-
phernalia as well as several packets of a
substance suspected to be methamphet-
amine were found at the residence.

■ Probable cause exists "where the
facts and circumstances known to the po-
lice are sufficient in themselves to warrant
a prudent officer in the belief that an of-
fense has been or is being committed."
*United States v. Borrelli*, 621 F.2d 1092,
1095 (10th Cir.), *cert. denied*, 449 U.S. 956,

---

* After examining the briefs and appellate record,
this panel has determined unanimously that
oral argument would not materially assist the

determination of this appeal. *See* Fed.R.App.P.
34(a); 10th Cir.R. 34.1.9. The cause therefore is
ordered submitted without oral argument.

101 S.Ct. 365, 66 L.Ed.2d 222 (1980) (citing *McCray v. Illinois,* 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967)). We hold that the circumstances described here are sufficient to establish probable cause to arrest. *See United States v. Lillard,* 929 F.2d 500, 502 (9th Cir.1991) (distinctive smell of methamphetamine together with other suspicious factors gave probable cause to arrest).

AFFIRMED.

SETH, Circuit Judge, dissenting:

I cannot agree with the majority opinion in this appeal. Thus, as I discussed in my dissent in *United States v. Brown,* 984 F.2d 1074 (10th Cir.), the officers were not executing a valid warrant when they detected the methamphetamine laboratory. The warrant was based on a prior warrant which contained language and was executed in a manner that converted it to a general warrant. Further, the warrant at issue here contained similar language. Both warrants were overbroad and thus did not conform to the Fourth Amendment's particularity requirement. For the reasons stated in my dissent in *Brown,* I would suppress the evidence and reverse the conviction. Accordingly, I dissent.