UNITED STATES of America,
Plaintiff–Appellee,

v.

Julio ORTIZ, Defendant–Appellant.

No. 94–4180.

United States Court of Appeals,
Tenth Circuit.

Aug. 8, 1995.

Gordon W. Campbell, Asst. U.S. Atty., Salt Lake City, UT (Scott M. Matheson, Jr., U.S. Atty., with him on the brief), for plaintiff-appellee.

Robert Breeze, Salt Lake City, UT, for defendant-appellant.

Before KELLY and McKAY, Circuit Judges, and COOK, District Judge [†].

KELLY, Circuit Judge.

Defendant–Appellant Julio Ortiz entered a conditional plea to unlawful possession of a firearm with an obliterated manufacturer's serial number, 18 U.S.C. § 922(k). He now appeals the district court's denial of his motion to suppress, and its application of the Sentencing Guidelines. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm the conviction, but remand for resentencing.

### Background

In the early morning hours of June 6, 1992 two officers from the Salt Lake City Metro Gang Unit were patrolling in an area known for frequent juvenile criminal activity. The officers observed what they considered to be a teenage girl, holding a can of Budweiser, standing next to the passenger side of a black pick-up truck in a parking lot. She was leaning toward the inside of the truck and appeared to be conversing with the passengers.

The officers, thinking that a violation of the law (a minor in possession of alcohol) was occurring, decided to investigate. As they pulled into the parking lot, and approached the scene on foot, the teenage girl began walking rapidly in the opposite direction. Suspecting that the girl had been given beer by the vehicle's occupants, one of the officers approached the truck, which started to pull away. The officer slapped the right rear side of the vehicle, and the truck halted just as it reached the edge of the parking lot and before it entered the street.

The officer walked around toward the front of the vehicle, shined his flashlight inside the passenger compartment, and observed an open bottle of Budweiser between the driver's legs and a can of Budweiser sitting next to the passenger. The officer then requested identification from the two occupants of the truck. The passenger's identification indicated that he was under twenty-one years of age. At that point, the officer placed the driver, Mr. Ortiz, under arrest for having an open container of alcohol in the truck and for providing alcohol to a minor. He arrested the passenger for being a minor in possession of alcohol.

The officer then proceeded to search the truck. He found additional bottles of beer, and underneath the driver's seat, a nine millimeter handgun with its serial number obli-

[†] The Honorable H. Dale Cook, United States District Judge for the Northern District of Oklahoma, sitting by designation.

terated. Mr. Ortiz fled the scene, but was later apprehended. Shortly after being apprehended, Mr. Ortiz admitted knowing that the gun had been in the truck, that its serial number had been filed off, and that the weapon was stolen. He claimed that he had been holding the gun for someone else.

## Discussion

### A. Motion to Suppress

■ Mr. Ortiz first contends that the district court erred by not suppressing evidence of the gun discovered during the search of the truck immediately following the arrest of Mr. Ortiz and his passenger. In reviewing the denial of a motion to suppress, we accept the district court's findings of fact unless they are clearly erroneous. *United States v. Nielsen,* 9 F.3d 1487, 1489 (10th Cir.1993). We are mindful that "the credibility of the witnesses and the weight given to the evidence, as well as the inferences and conclusions drawn therefrom, are matters for the trial judge." *United States v. Fernandez,* 18 F.3d 874, 876 (10th Cir.1994). Of course, the ultimate question of the reasonableness of a search or seizure is a question of law that we review de novo. *United States v. Horn,* 970 F.2d 728, 730 (10th Cir.1992).

Although the arrest of Mr. Ortiz for violating Utah's open container law, Utah Code Ann. § 41–6–44.20 (1993), and for providing a minor with alcohol, Utah Code Ann. § 32A–12–203 (1994), was found invalid, the district court did ultimately uphold the search of the truck as incident to the valid arrest of Mr. Ortiz's passenger. Without deciding the validity of Mr. Ortiz's original arrest, we agree with the district court's holding as to the arrest of his passenger for being a minor in possession of alcohol, in violation of Utah Code Ann. § 32A–12–209(1) (1994), and uphold the subsequent search flowing therefrom.

■ Examining, as we must, the totality of the circumstances, *Alabama v. White,* 496 U.S. 325, 330, 110 S.Ct. 2412, 2416, 110 L.Ed.2d 301 (1990), we think it clear that at the moment the police stopped the truck, they possessed the requisite reasonable articulable suspicion that the occupants had been, were, or were about to be engaged in criminal activity. *See Terry v. Ohio,* 392 U.S. 1, 30, 88 S.Ct. 1868, 1884, 20 L.Ed.2d 889 (1968); *United States v. Sokolow,* 490 U.S. 1, 7, 109 S.Ct. 1581, 1585, 104 L.Ed.2d 1 (1989); *United States v. Nicholson,* 983 F.2d 983, 987 (10th Cir.1993). The officers were alerted to the possible commission of at least two potential crimes, providing alcohol to a minor and driving with an open container, by the absence of the beer can in the girl's hand as she fled the scene, and by the truck, in which she might have placed the can, starting to drive away.

■ From that point, the encounter continued to develop along proper Fourth Amendment lines. The officer's shining of his flashlight into the truck's passenger compartment comported with a valid plain view search. *See United States v. Dunn,* 480 U.S. 294, 305, 107 S.Ct. 1134, 1141, 94 L.Ed.2d 326 (1987). This search revealed the presence of alcohol in close proximity to Mr. Ortiz and the passenger, and the identification produced indicated that the latter was under twenty-one years of age. This combination of facts gave the officer the requisite probable cause to arrest the passenger for being a minor in possession of alcohol. *See Brinegar v. United States,* 338 U.S. 160, 175–76, 69 S.Ct. 1302, 1311, 93 L.Ed. 1879 (1949); *United States v. Hugaboom,* 984 F.2d 1083, 1083–84 (10th Cir.1993). Once the passenger had been arrested, the police then were entitled to search the passenger compartment of the truck as a contemporaneous incident of the arrest. *See California v. Acevedo,* 500 U.S. 565, 575–76, 111 S.Ct. 1982, 1988, 114 L.Ed.2d 619 (1991); *New York v. Belton,* 453 U.S. 454, 460, 101 S.Ct. 2860, 2863, 69 L.Ed.2d 768 (1981); *United States v. Franco,* 981 F.2d 470, 472 (10th Cir.1992). Thus, the gun discovered underneath the front seat was within the scope of a valid Fourth Amendment search, and the district court was correct in denying Mr. Ortiz's motion to suppress.

### B. Criminal History Computation

At sentencing, in accordance with U.S.S.G. § 4A1.1, the district court determined that Mr. Ortiz's past criminal convictions warrant-

ed placement in criminal history category IV. The probation department's presentence report calculated Mr. Ortiz's total criminal history score to be eight points. Mr. Ortiz raised separate objections to the inclusion of two of these points, which the district court subsequently rejected.

On appeal, Mr. Ortiz only pursues one of his earlier objections. He contends that an uncounseled misdemeanor conviction should not have been included because, while he was originally placed on probation, he subsequently was incarcerated following the revocation of that probation. We need not reach this issue.

■ In order to qualify for criminal history category IV, a defendant's criminal history score must total at least seven points. Even if the one point attributed to the uncounseled misdemeanor conviction were not included, Mr. Ortiz's criminal history score would be seven points, still within category IV. Because Mr. Ortiz's criminal history category remains the same, we do not need to resolve this criminal history dispute. *See United States v. Williams,* 919 F.2d 1451, 1458 (10th Cir.1990), *cert. denied,* 499 U.S. 968, 111 S.Ct. 1604, 113 L.Ed.2d 667 (1991).

■ Our conclusion would not change even if Mr. Ortiz had revived his objection to the other contested criminal history point in conjunction with this current appeal. At sentencing, Mr. Ortiz had objected to the use of another conviction in determining his criminal history point tally, because the record relating to this conviction had been destroyed. Relying upon research completed by the probation department, the district court, however, specifically found that sufficient reliable evidence of this conviction existed to support its use in calculating Mr. Ortiz's criminal history point total. *See United States v. Johnson,* 973 F.2d 857, 861 (10th Cir.1992) (district court to find that prior felony convictions established by preponderance of the evidence); *United States v. Easterling,* 921 F.2d 1073, 1077 (10th Cir. 1990) (factual determinations at sentencing under preponderance of evidence standard), *cert. denied,* 500 U.S. 937, 111 S.Ct. 2066, 114 L.Ed.2d 470 (1991). Once the government had established the fact of this prior conviction, the burden then shifted to Mr. Ortiz to challenge its validity. *See United States v. Wicks,* 995 F.2d 964, 978 (10th Cir.) (defendant pointing to missing record must submit affidavit or equivalent asserting plea not voluntary or that he lacked necessary understanding), *cert. denied,* —— U.S. ——, 114 S.Ct. 482, 126 L.Ed.2d 433 (1993). Mr. Ortiz's failure to do so gave the district court no cause to doubt the existence of this prior conviction, and so it was properly included in calculating his criminal history score.

## C.  U.S.S.G.  § 3E1.1(b)

Mr. Ortiz lastly argues that he was entitled to a three-level, and not just a two-level, downward adjustment at sentencing for acceptance of responsibility pursuant to § 3E1.1(b)(1) of the Sentencing Guidelines. He contends that the lower court erred by finding that the commencement of trial precluded application of this provision.

■ Because resolution of this issue mandates that we examine the district court's interpretation and application of the Sentencing Guidelines, our review is de novo. *See United States v. Hershberger,* 962 F.2d 1548, 1550 (10th Cir.1992).

Section 3E1.1(b) of the Guidelines permits an additional one-level reduction when the defendant has assisted authorities in the investigation or prosecution of his own misconduct by one of two different means:

(1) timely providing complete information to the government concerning his own involvement in the offense;  or

(2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently....

Although Mr. Ortiz raised the applicability of § 3E1.1(b)(1) at sentencing, arguing that he had timely provided complete information to the government, a review of the hearing transcript reveals that the district court examined only the timing of Mr. Ortiz's plea, i.e., the applicability of § 3E1.1(b)(2), in declining to award the additional one-level reduction. Because the district court looked

solely to § 3E1.1(b)(2), it made no findings regarding whether Mr. Ortiz had provided complete information concerning his involvement in the offense in a timely manner.

 It is not possible to ignore this omission by reasoning that the commencement of trial, which may render a plea of guilty untimely for purposes of § 3E1.1(b)(2), also operates to render the provision of complete information untimely for purposes of § 3E1.1(b)(1). These two sections are disjunctive, and so the language referencing the commencement of trial applies only to § 3E1.1(b)(2). *See United States v. Talladino,* 38 F.3d 1255, 1266 (1st Cir.1994); *United States v. Stoops,* 25 F.3d 820, 823 (9th Cir. 1994); *United States v. Tello,* 9 F.3d 1119, 1124–25 (5th Cir.1993); *see also Sutherland Statutory Construction* § 21.14 (5th ed. 1993). We therefore remand this case to allow the district court to consider whether Mr. Ortiz is eligible for the additional one-level reduction under § 3E1.1(b)(1).

In all other respects, the judgment of conviction and sentence of the district court is affirmed.