**UNITED STATES COURT OF APPEALS**
**Filed 1/26/96**
**FOR THE TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee. | ) |
| | ) |
| vs. | ) No. 95-7099 |
| | ) (D.C. No. CR-95-06-S) |
| REYNARDO DEWAYNE THOMAS, | ) (E.D. Okla.) |
| | ) |
| Defendant-Appellant, | ) |

---

## ORDER AND JUDGMENT[*]

---

Before **BALDOCK**, **HENRY**, and **LUCERO**, Circuit Judges.

---

At issue in this direct criminal appeal is whether an anonymous tip corroborated by the police justifies an investigative stop when the police did not observe objectively suspicious conduct. The district court denied defendant's suppression motion, ruling that reasonable suspicion justified the stop. We affirm.

An informant notified the Dallas Police Department that a man carrying a large amount of cocaine base would arrive in Muskogee, Oklahoma at 11:45 a.m. on a bus that

---

[*]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

departed from Dallas. The informant provided a detailed description of the man: he was black, short (5'3" - 5'4"), weighed 130-140 pounds, had a silver or gold tooth with a star insignia engraved in it, and would be wearing an NFL jacket and a cap with an NFL or Nike logo. The informant also stated that the man would be meeting someone in Muskogee with the nickname of "B." Sometime after 10:00 a.m. on the day the bus was to arrive in Muskogee, the Dallas Police Department told Muskogee Police Detective Carter about the informant's tip.

Carter and other Muskogee police officers drove to the bus station. They arrived at 11:45, just after the bus from Dallas arrived. The officers observed a man matching the description provided by the informant get off the bus. The suspect walked directly over to the passenger side of a waiting vehicle, got in, and the vehicle drove away. The officers followed the vehicle for four blocks and then turned on the siren. When the vehicle stopped, the suspect bolted from the car. He was apprehended and was found to possess cocaine base.

The suspect, defendant Reynardo Thomas, filed a suppression motion. He argued that the officers lacked reasonable suspicion to stop the vehicle because they knew nothing about the informant and observed nothing suspicious that would lead them to believe that defendant was engaged in criminal activity. The suppression transcript confirms that the Dallas Police Department did not divulge any information about the informant to the Muskogee Police. Detective Carter testified that he simply assumed that the information conveyed by the Dallas Police was reliable. Detective Carter also testified that he and the other officers did not

observe any suspicious behavior. They did, however, confirm the informant's detailed description of the suspect and the prediction that the suspect would arrive at the bus station and meet someone. The district court ruled that the informant's tip, plus the corroboration of the tip by the police, gave the police reasonable suspicion to justify the investigatory Terry stop. See Terry v. Ohio, 392 U.S. 1 (1968).

In reviewing the district court's denial of a suppression motion, we accept the district court's factual findings unless they are clearly erroneous and view the evidence in the light most favorable to the government. United States v. Franco, 981 F.2d 470, 471 (10th Cir. 1992). We review de novo the district court's legal determination of whether the police had reasonable suspicion. United States v. Jones, 998 F.2d 883, 884 (10th Cir. 1993).

There is no dispute that the police in this case needed only reasonable suspicion to justify the investigative stop. An investigative stop must be based on "a reasonable, articulable suspicion that the detainee has been, is, or is about to be engaged in criminal activity." United States v. Elkins, 70 F.3d 81, 83 (10th Cir. 1995) (quoting United States v. Nicholson, 983 F.2d 983, 987 (10th Cir. 1993) (citing Terry, 392 U.S. at 21)). Reasonable suspicion depends "upon both the content of information possessed by police and its degree of reliability." Alabama v. White, 496 U.S. 325, 330 (1990). The totality of circumstances must be considered. Id.

The detaining police officer is not required to have first hand knowledge of the evidence giving rise to reasonable suspicion; the officer may rely on information provided

by other law enforcement officials. Nicholson, 983 F.2d at 987 (citing United States v. Hensley, 469 U.S. 221, 232 (1985)). When a detaining officer relies solely on representations of other law enforcement officials, the legality of the stop turns on whether those law enforcement officials had a reasonable, articulable suspicion to justify the stop. Hensley, 469 U.S. at 233.

Here, we assume that the Dallas Police Department received an anonymous telephone tip, since there was no evidence to the contrary at the suppression hearing. Like the anonymous tip in Alabama v. White, the tip in this case "'provides virtually nothing from which one might conclude that [the caller] is either honest or his information reliable; likewise, the [tip] gives absolutely no indication of the basis for the [caller's] predictions regarding . . . criminal activities.'" 469 U.S. at 329 (quoting Illinois v. Gates, 462 U.S. 213, 227 (1983))(alterations in White). Such a tip, "standing alone, would not 'warrant a man of reasonable caution in the belief that [a stop] was appropriate.'" Id. (quoting Terry, 392 U.S. at 22)(further quotation and citation omitted).

An anonymous tip that has been corroborated by the police, however, can provide reasonable suspicion to support an investigative stop. Id. at 332; see also Elkins, 70 F.3d at 83. Muskogee police officers in this case verified the detailed physical description of the suspect that had been provided by the tipster. They also corroborated the prediction that the suspect would arrive in Muskogee on the 11:45 a.m. bus from Dallas and would meet someone there. The informant's ability to predict the suspect's future behavior shows that

4

the informant had "inside information." See White, 496 U.S. at 332. The officers'
independent verification of significant aspects of the tip lent credibility to the tipster's
prediction of criminal activity. See id. at 331 (recognizing that informant's accurate
prediction about some things suggests that the informant "is probably right about other facts
that he has alleged, including the claim that the object of the tip is engaged in criminal
activity"). We hold that the detailed tip, coupled with the independent verification by the
police of every aspect of the tip except whether the suspect carried cocaine, provided
reasonable suspicion to warrant the investigative stop.

Defendant objects that the officers corroborated only innocent details of the tip and
did not independently observe suspicious behavior. The officers needed only reasonable
suspicion of criminal activity to justify the stop, not actual proof of criminal behavior.
"Seemingly innocent activity" may appear "suspicious in light of the initial tip." Illinois v.
Gates, 462 U.S. 213, 243 n.13 (1983) (citation and quotation omitted). Corroboration of the
innocent details of an informant's tip may establish reasonable suspicion. See id.; see also
United States v. Martinez, 764 F.2d 744, 746 (10th Cir. 1985) ("It is all right that these
corroborations were only of 'innocent' details."). In this case, corroboration of the detailed

physical description and predicted travel plans made it reasonable to believe the tipster's prediction of criminal activity.

AFFIRMED.

Entered for the Court

Carlos F. Lucero
Circuit Judge