UNITED STATES of America, Plaintiff,

v.

Severo MEZA, Jr., Defendant.

No. 92–40021–01–DES.

United States District Court,
D. Kansas.

Aug. 12, 1996.

Severo Meza, Jr., pro se.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the defendant's Motion for Additional One Point Reduction for Timely Acceptance of Responsibility (Doc. 62). We treat Mr. Meza's pro se motion as a motion seeking collateral relief pursuant to 28 U.S.C. § 2255. *See United States v. Edwards,* 69 F.3d 419, 441 n. 14 (10th Cir.1995).

On November 1, 1992, the United States Sentencing Commission amended U.S.S.G. § 3E1.1. Section 3E1.1 provides for a two-point reduction in a defendant's offense level for acceptance of responsibility. Under the amendment, a defendant qualifies for an additional one-point reduction for timely acceptance of responsibility. The defendant, who was sentenced on November 2, 1992, argues that the court erroneously failed to apply the amendment to § 3E1.1 in establishing his offense level.

U.S.S.G. 3E1.1 provides as follows:

(a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

(b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:

(1) timely providing complete information to the government concerning his own involvement in the offense; or

(2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently,

decrease the offense level by 1 additional level.

The United States recognizes that the court must apply the guidelines in effect on

 

the date the defendant was sentenced. 18 U.S.C. § 3553(a)(4); U.S.S.G. § 1B1.11(a). The court previously found that Mr. Meza qualified for a decrease in sentence under § 3E1.1(a), and the defendant's offense level prior to the operation of subsection (a) was 26. Thus, the defendant meets the first two criteria of § 3E1.1(b). The government argues, however, that the defendant's acceptance of responsibility was not timely. The government maintains that the defendant failed to provide information pertinent to its investigation, and that he fled prior to his arrest.

Subsections (1) and (2) of § 3E1.1(b) are disjunctive; the defendant is eligible for the one-point reduction if he qualifies under either provision. *United States v. Ortiz*, 63 F.3d 952, 956 (10th Cir.1995). The government's argument addresses only subsection (1). The record indicates that the defendant did timely notify authorities of his intention to enter a plea of guilty under subsection (2). The United States filed the information in this case on May 5, 1992. On August 3, 1992, following a hearing on Mr. Meza's pre-trial motions, the court scheduled the case for trial on August 24. One week later, on August 10, the defendant notified the government of his intention to plead guilty. The court finds that the defendant qualifies for the additional one-point reduction under § 3E1.1(b) for timely acceptance of responsibility.

Imposition of a sentence based on a misapplication of the guidelines constitutes plain error. *United States v. Saucedo*, 950 F.2d 1508, 1516–17 (10th Cir.1991). The defendant is therefore entitled to relief under § 2255 notwithstanding his failure to raise the issue prior to sentencing. *United States v. Yung*, Civ. A. Nos. 92–3288–JWL, 92–3289–JWL, 1993 WL 105136, at *1 (D.Kan. Mar. 11, 1993).

The court previously sentenced the defendant to 70 months imprisonment, the mid-point of the guideline range of 63 to 78 months. Applying an additional one-point reduction for timely acceptance of responsibility, the correct guideline range is 57 to 71 months. The court again elects to sentence

the defendant to the mid-point of the applicable range, i.e., 64 months.

**IT IS THEREFORE BY THE COURT ORDERED** that the defendant's Motion for Additional One Point Reduction for Timely Acceptance of Responsibility (Doc. 62) is granted. The defendant's term of imprisonment shall be reduced to 64 months. The defendant's sentence remains unchanged in all other regards.