**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 17 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

GEORGE ANDALON CHAVARRIA,
also known as Jorge Andalon
Chavarria,

      Defendant - Appellant.

No. 99-1444
(D.C. No. 98-CR-350-D)
(District of Colorado)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY** and **LUCERO**, Circuit Judges.

We must determine whether the district court erred in assessing two

criminal history points, pursuant to United States Sentencing Guidelines

(U.S.S.G.) § 4A1.1(b), based on defendant-appellant George Andalon Chavarria's

prior state conviction. Exercising jurisdiction pursuant to 18 U.S.C. § 3742(a),

we affirm the sentence imposed by district court.

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

# I

After pleading guilty to conspiring to distribute methamphetamine in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2, the district court sentenced Chavarria to fifty-nine months imprisonment and five years supervised release. The district court determined Chavarria's total offense level under the Sentencing Guidelines to be twenty-seven and his Criminal History Category to be II.[1] Chavarria received two criminal history points based on a prior Colorado state conviction—a 1996 conviction for disorderly conduct, to which Chavarria pleaded guilty and was sentenced to six months imprisonment with credit for time served. Although this conviction is reflected in the records of the Rio Grande County Clerk's Office, a formal judgment or mittimus was never prepared because, according to a letter from the Clerk, "the time had already been served." (Appellant's Br. Ex. D at 1.) On appeal, Chavarria challenges the district court's imposition of two criminal history points based on his prior state conviction for disorderly conduct, arguing the conviction is invalid because no mittimus was entered, the state court failed to inform him of his right to appeal, and his right to counsel was violated.[2]

---

[1] Based on the government's motion pursuant to U.S.S.G. § 5K1.1, the district court departed downward from the recommended imprisonment range of 78 to 97 months to 59 months.

[2] Federal Rule of Appellate Procedure 4(b)(1) requires that a criminal

(continued...)

## II

We review for clear error the district court's factual findings regarding sentencing and review de novo its legal interpretation of the Sentencing Guidelines. See United States v. Henry, 164 F.3d 1304, 1310 (10th Cir.), cert. denied, 119 S. Ct. 2381 (1999). We are mindful of our obligation to give "due deference to the district court's application of the guidelines to the facts." Id. (citing United States v. Cantley, 130 F.3d 1371, 1378 (10th Cir. 1997)).

Section 4A1.1(b) of the Sentencing Guidelines requires the district court to "[a]dd 2 points for each prior sentence of imprisonment of at least sixty days" not otherwise counted under § 4A1.1(a). A "prior sentence" is defined as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense."

---

[2](...continued)
defendant file a notice of appeal in the district court within ten days after the entry of judgement. See Fed. R. App. P. 4(b)(1)(A)(i). The district court entered final judgment on September 17, 1999. Chavarria filed his notice of appeal one day late on September 28, 1999. Upon a finding of "excusable neglect or good cause," however, the district court may extend the time to file a notice of appeal for no more than 30 days from the expiration of the original deadline. Fed. R. App. P. 4(b)(4). The district court found excusable neglect because defense counsel did not receive, and was unaware of, the entry of the final judgment until September 28, 1999. On appeal, the government concedes timeliness. We review for an abuse of discretion the district court's determination of the presence or absence of excusable neglect under Fed. R. App. P. 4, see City of Chanute v. Williams Natural Gas Co., 31 F.3d 1041, 1045 (10th Cir. 1994), and conclude that the district court did not abuse its discretion. Accordingly, we grant appellant's motion regarding appellate jurisdiction and exercise jurisdiction over this appeal.

U.S.S.G. § 4A1.2(a)(1). A "sentence of imprisonment" is defined as "a sentence of incarceration and refers to the maximum sentence imposed." U.S.S.G. § 4A1.2(b)(1). The offense of disorderly conduct may be counted in calculating criminal history if, as here, the term of imprisonment was at least thirty days. See U.S.S.G. § 4A1.2(c)(1). The government must establish the fact of a prior conviction by a preponderance of the evidence. See United States v. Ortiz, 63 F.3d 952, 955 (10th Cir. 1995).

Chavarria argues his prior state conviction for disorderly conduct cannot be included in his criminal history because the Rio Grande County Clerk's Office did not enter a formal judgment or mittimus. Relying on the on-line records of the clerk's office and a letter from the Clerk explaining why a mittimus had not been entered, the district court concluded the government presented sufficient evidence to establish that Chavarria served a prior sentence of approximately six months for disorderly conduct. Prior convictions can be proven for sentencing purposes through collateral sources such as a docket sheet. See United States v. Simpson, 94 F.3d 1373, 1381 (10th Cir. 1996) (holding that "a certified docket sheet is adequate, absent some contradictory evidence by the defendant, to establish the existence of a prior conviction for" purposes of calculating criminal history under the Sentencing Guidelines); cf. United States v. Johnson, 973 F.2d 857, 861-62 (10th Cir. 1992) (holding that a prior conviction was proven for purposes of 18

U.S.C. § 924(e) by a collateral source—a journal entry of a subsequent probation revocation order referencing the prior conviction). Evidence that the clerk's office did not enter a mittimus merely supports a finding that the clerk's office failed to complete procedural paperwork, but does nothing to contradict the fact of his prior conviction and sentence. In light of the evidence presented from the Rio Grande County Clerk's Office, we conclude the district court did not commit clear error in finding that Chavarria pleaded guilty to disorderly conduct, was sentenced to six months, and was released after sentencing due to time served. Based on this factual finding, we hold that the district court correctly added two points to Chavarria's criminal history because he had a prior sentence of imprisonment of at least sixty days. See U.S.S.G. § 4A1.1(b).

In addition to challenging the fact of the underlying conviction, Chavarria asserts two collateral attacks upon the prior conviction. The Sentencing Guidelines "do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any such rights otherwise recognized in law." U.S.S.G. § 4A1.2, comment. (n.6). "We have held that 'with the exception of a collateral attack based on the complete denial of counsel, a district court sentencing a defendant under the career offender provisions of the Guidelines cannot consider a collateral attack on a prior conviction.'" Simpson, 94 F.3d at 1381 (quoting United States v. Garcia, 42 F.3d 573, 581 (10th Cir. 1994)). In

Simpson, we went on to find "no distinction, for these purposes, between the career offender provisions contained in Guideline 4B1.1 which were applied in Garcia, and the criminal history calculations provided by Guideline 4A1.1." Id. Therefore, Chavarria's collateral claim that his prior conviction cannot be considered at sentencing because he was not advised of his right to appeal fails.

Although Chavarria's second collateral attack alleging a denial of his right to counsel is permissible, this claim also fails because he has not sustained his burden of establishing that he was not represented by counsel. See United States v. Windle, 74 F.3d 997, 1001 (10th Cir. 1996) ("Once the prosecution establishes the existence of a conviction, the defendant must prove by a preponderance of the evidence that the conviction was constitutionally infirm."). Rather, the docket sheet states he was represented by public defender Bruce Allen Boreson. The absence of a specific reference in the docket sheet to Borenson's presence at Chavarria's January 16, 1996, plea hearing is insufficient to prove the attorney's absence.

### III

Because we conclude the district court properly added two criminal history points based on Chavarria's prior state conviction pursuant to U.S.S.G. § 4A1.1(b), we **AFFIRM** Chavarria's sentence.

The mandate shall issue forthwith.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge