**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 17 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JAVIER LOPEZ-CARREON,

    Defendant-Appellant.

No. 99-1355

(D.C. No. 99-CR-125-B)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY**, and **LUCERO**, Circuit Judges.[**]

Defendant Javier Lopez-Carreon pled guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326(a). The district court sentenced Defendant to 57 months imprisonment. Defendant appeals the district court's addition of 2 points to his criminal history pursuant to U.S.S.G. § 4A1.1(d) for

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, the panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(A)(2). The case is therefore ordered submitted without oral argument.

committing an offense while under a criminal justice sentence. We exercise jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and affirm.

I.

Defendant is a citizen of Mexico. On June 30, 1997, Defendant pled guilty to possession with intent to distribute a controlled substance in violation of Colo. Rev. Stat. § 18-18-405(2)(a)(I). The state court sentenced Defendant to 5 years in prison, suspended on the condition that Defendant be deported to Mexico. Thereafter, Defendant illegally reentered the United States. Defendant was again apprehended in Colorado, and on March 1, 1999, Defendant pled guilty to possession of a controlled substance. The state court sentenced Defendant to 4 years in prison, again suspended on the condition that Defendant be deported to Mexico. Rather than immediately instituting deportation proceedings, the state delivered Defendant to federal custody for prosecution for illegal reentry after deportation.

Defendant pled guilty to the illegal reentry charge. Over Defendant's objection, the district court adopted the presentence report's recommendation and added 2 criminal history points pursuant to U.S.S.G. § 4A1.1(d). Section 4A1.1(d) provides for the addition of 2 criminal history points "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape

status." Id.  The commentary notes define "criminal justice sentence" to include any sentence with "a custodial or supervisory component, although active supervision is not required for this item to apply." Id. at § 4A1.1(d) comment. (n.4). "For example, a term of unsupervised probation would be included; but a sentence to pay a fine, by itself, would not be included." Id. The district court added another point to Defendant's criminal history because Defendant "committed the instant offense less than two years after release from imprisonment on a sentence counted under [§ 4A1.1(b)] . . . ." Id. at § 4A1.1(e). The general rule under the guidelines is to add 2 points. Id. If the district court has already added 2 points under § 4A1.1(d), then the district court only adds 1 point under § 4A1.1(e). Id. The district court found that Defendant had 8 criminal history points, resulting in a criminal history category of IV. Category IV covers the range of 7 to 9 criminal history points. Id. at § 5A.

## II.

Defendant argues that the district court erred in adding 2 criminal history points for commission of an offense while under a criminal justice sentence. He argues that he was not under a criminal justice sentence because his sentence had been suspended on the condition of deportation. The Government argues that this court should affirm Defendant's sentence because the district court's application of § 4A1.1(d) had no effect on Defendant's criminal history category.

If Defendant prevailed on his claim that he was not under a criminal justice sentence at the time he committed the offense, then the district court could not add 2 points pursuant to § 4A1.1(d). Under § 4A1.1(e), however, the district court would then add 2 points rather than 1 for commission of an offense within two years of release. Defendant would have 7 criminal history points, still resulting in a criminal history category of IV. Because Defendant's criminal history category remains the same, we do not need to resolve this criminal history dispute. See United States v. Ortiz, 63 F.3d 952, 955 (10th Cir. 1995) (holding that the court did not have to reach the criminal history issue because even if the court found for defendant and subtracted one criminal history point, he would remain within the same criminal history category). We affirm Defendant's sentence.

AFFIRMED.


Entered for the Court,


Bobby R. Baldock
Circuit Judge