**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 11 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JOSE LUIS CHAVEZ-VARGAS,

      Defendant-Appellant.

No. 01-4040
(D.C. No. 00-CR-370-C)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **EBEL, KELLY,** and **LUCERO**, Circuit Judges.

Jose Chavez-Vargas was convicted of illegal reentry following deportation in violation of 8 U.S.C. §1326(a). A conviction on this charge typically carries a maximum sentence of two years. However, when the reason for the original deportation was the commission of an aggravated felony, the maximum sentence is raised to twenty years. See 8 U.S.C. §1326 (b).

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In this case, the district court found that the defendant had originally been deported because of an aggravated felony conviction. This prior felony conviction was not alleged in the indictment but it triggered a sixteen level enhancement under the United States Sentencing Guidelines ("USSG"). The district court granted the defendant a two-level reduction for acceptance of responsibility pursuant to §3E1.1 (a) of the USSG.

The defendant raises two issues on appeal. First, he contends that the district court erred in denying him an additional one-level reduction for acceptance of responsibility without making findings as to whether he provided timely and complete information to the government concerning his involvement in the offense. Second, he argues that the district court erred when it sentenced him to a term of imprisonment beyond the maximum penalty for his conviction, based on a prior felony conviction which was not a part of his indictment. We remand with respect to the first issue and affirm with respect to the second.

A defendant who has received a two-level reduction for acceptance of responsibility may be entitled to an additional one-level reduction for " timely providing complete information to the government concerning his own involvement in the offense." See USSG §3E1.1(b)(1).

In this case, it is clear that the district court made no finding as to whether this prong was satisfied, and the government concedes that the failure to do so

was error. The district court denied the additional point, which it deemed "super acceptance," because the defendant "did put the government to the burden of proof." (Vol. II, 13). The district court's reluctant decision to grant the two-level reduction in the first instance is not dispositive of whether an additional point is available under the timely provision of information prong of 3E1.1(b). See United States v. Ortiz, 63 F.3d 952, 956 (10th Cir. 1995) (noting that the two prongs of 3E1.1(b) are disjunctive, therefore commencement of a trial only affects 3E1.1(b)(2), and remanding for findings of whether 3E1.1(b)(1) was satisfied). Therefore, we remand to the district court to make findings of whether the defendant is eligible for an additional one-level reduction.

The defendant also argues that his prior conviction is an element of the offense, which under Apprendi v. New Jersey, 530 U.S. 466 (2000), must be charged in the indictment, presented to the jury, and found beyond a reasonable doubt. We disagree.

In a factually identical case to this one with respect to this issue, this court explicitly held that failure of an indictment to charge a defendant separately with a prior aggravated felony conviction does not violate Apprendi. See United States v. Martinez-Villalva, 232 F.3d 1329, 1332 (10th Cir. 2000). In Martinez-Villalva, we found that the holding of Apprendi carved out an exception for prior felony convictions, and thus preserved the Court's prior holding in Almendarez-Torres v.

United States, 523 U.S. 224 (1998), that a prior felony conviction was a sentencing factor, rather than an element of the offense. See Martinez-Villalva, 232 F.3d at 1331. Like Martinez-Villalva, this case "falls squarely within the exception to the Apprendi holding and is governed by Almendarez-Torres." Id. at 1331.

Therefore, we REMAND in part to the district court to make findings of whether the defendant is eligible for an additional one-level reduction under 3E1.1(b)(1) and AFFIRM with respect to the district court's consideration at sentencing of defendant's prior felony conviction.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge