**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Edward Roy WINDLE, aka Eddy
Windle, aka Ed Anderson,
Defendant–Appellant.**

No. 95–8008.

United States Court of Appeals,
Tenth Circuit.

Jan. 22, 1996.

David D. Freudenthal, United States Attorney, Cheyenne, Wyoming, and David A. Kubichek, Assistant United States Attorney, Casper, Wyoming, for Plaintiff–Appellee.

Michael G. Katz, Federal Public Defender, and Jenine Jensen, Assistant Federal Public Defender, Denver, Colorado, for Defendant–Appellant.

Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Edward Roy Windle pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Mr. Windle had been convicted of a state burglary charge in 1990. In March 1994, during a traffic stop, a police officer discovered a Taurus 9 mm. semi-automatic pistol in the vehicle Mr. Windle was driving. The presentence report recommendations began at a base level offense of 14 under U.S.S.G. § 2K2.1(a)(6). To this base level, two levels were added for the offense characteristic that five firearms were involved, two levels were added because one of the firearms was stolen, and a three-level reduction was applied for acceptance of responsibility. Mr. Windle's criminal history category was established at V based on prior convictions for attempted theft, burglary,

misdemeanor theft, aiding and abetting misdemeanor theft, misdemeanor assault, and disorderly conduct. Criminal history category V and offense level 15 result in the guideline sentencing range of 37 to 46 months. The district court adopted the presentence report's findings and sentenced Mr. Windle to forty-four months imprisonment, a supervised release of three years and a $50 special assessment. We exercise jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291 and affirm.

Mr. Windle appeals his sentencing on five grounds: 1) "[t]he government did not satisfy its burden of proving that th[e] 'offense involved' five firearms, so the specific offense characteristic increase under U.S.S.G. § 2K2.1(b)(1)(B) was erroneous," 2) "[t]he district court erred in enhancing Mr. Windle's sentence under U.S.S.G. § 2K2.1(b)(4), because the government did not prove, by a preponderance of the evidence, that one of the guns he allegedly possessed was stolen," 3) "[t]he district court erroneously increased Mr. Windle's sentence by including criminal history points for uncounseled misdemeanor convictions for which he served jail time," 4) "Mr. Windle must be resentenced because the district court failed to comply with Fed. R.Crim.P. 32(c)(3)(D)," and 5) "[t]he trial court violated its duty and violated Fed. R.Crim.P. 32 by not permitting counsel to orally present objections and state the grounds for the objections." In addition, Mr. Windle requests that if his case is remanded he be resentenced by a different judge.

**I**

■■■ Mr. Windle first contends the government did not adequately prove the offense involved five firearms. Evidence presented in a sentencing hearing merely needs to be supported by "sufficient indicia of reliability to support its probable accuracy." *United States v. Tovar,* 27 F.3d 497, 499 (10th Cir. 1994). We review the district court's factual findings for clear error. *United States v. Beaulieu,* 893 F.2d 1177, 1181–82 (10th Cir.), *cert. denied,* 497 U.S. 1038, 110 S.Ct. 3302, 111 L.Ed.2d 811 (1990).

Under U.S.S.G. § 2K2.1(b)(1)(B) the involvement of five firearms warrants a two-level increase if the firearms fall under U.S.S.G. § 1B1.3's definition of relevant conduct. The presentence report, which the district judge expressly relied on, identified five firearms with which Mr. Windle had been linked during a period beginning approximately five months prior to his arrest for possession of the Taurus pistol. Mr. Windle was a felon throughout the relevant time period.

At the sentencing hearing and in writing, Mr. Windle objected to the inclusion of the additional firearms as lacking "reliable proof" and not falling under the definition of relevant conduct. In response, the district court judge stated: "I think the probation officer has produced proof that the defendant had five guns." The presentence report summarized police reports and officers' testimony indicating Mr. Windle's possession of each gun. When defense counsel continued to object to the inclusion of the firearms, the district judge asked her, "But he did have the guns?" She responded, "Yes, sir." Where the presentence report summarizes police reports indicating Mr. Windle's possession of the firearms and defense counsel admits during the hearing that Mr. Windle in fact had the firearms, we cannot hold it was clearly erroneous for the district court to find Mr. Windle possessed the firearms.

■■■ Mr. Windle's contention that the possession of the firearms is not relevant conduct under U.S.S.G. § 1B1.3 also lacks merit. The comments to U.S.S.G. § 1B1.3 list several factors that are appropriate to use when determining whether offenses are sufficiently related to be considered part of the same course of conduct. These factors include: 1) the degree of similarity of the offenses, 2) the regularity (repetitions) of the offenses, and 3) the time interval between the offenses. *See* U.S.S.G. § 1B1.3 comment. n. 9(B); *United States v. Roederer,* 11 F.3d 973, 979 (10th Cir.1993) (noting that similarity, regularity and temporal proximity are the significant elements to be evaluated in determining same course of conduct). In this case, the offenses were not merely similar but identical. The offenses included the unlawful possession of five firearms throughout a four to five month period. Clearly, Mr. Windle's

behavior pattern of unlawfully possessing five firearms over a relatively short period of time meets the same course of conduct requirement. *See United States v. Perdomo*, 927 F.2d 111, 115 (2d Cir.1991) (holding same course of conduct involves the defendant repeating the same type of criminal activity over time).

## II

▉▉▉ On appeal, Mr. Windle contests for the first time whether the government met the requisite level of proof regarding the stolen status of the Ruger, Super Blackhawk, stainless, .44 magnum caliber revolver. Mr. Windle's offense level was increased by 2 points for the possession of a stolen firearm under U.S.S.G. § 2K2.1(b)(4). For factual matters, the initial burden of proof is on the government; however, "the burden of alleging factual inaccuracies of the presentence report is on the defendant." *United States v. Deninno*, 29 F.3d 572, 580 (10th Cir.1994), cert. denied, —— U.S. ——, 115 S.Ct. 1117, 130 L.Ed.2d 1081 (1995). "Failure to object to a fact in a presentence report, or failure to object at the hearing, acts as an admission of fact." *Id.* Although Mr. Windle objected to the inclusion of the Ruger in writing and at the hearing, it was on the grounds that his possession of the pistol should not be included under the offense of relevant conduct and its inclusion was not supported by reliable proof. He never disputed the Ruger's classification as stolen. Because Mr. Windle did not object to this factual basis prior to his appeal, the appropriate standard of review at the appellate level is for plain error. *Id.* In this Circuit, we have held that factual disputes do not rise to the level of plain error. *United States v. Saucedo*, 950 F.2d 1508, 1518 (10th Cir.1991). Therefore, the district court's factual determination that the Ruger was stolen is affirmed.

## III

▉▉▉ Mr. Windle next contends it was error for his prior uncounseled misdemean-

ors, for which he served jail time, to be used to enhance his sentence.[1] In *Nichols v. United States*, —— U.S. ——, ——, 114 S.Ct. 1921, 1928, 128 L.Ed.2d 745 (1994), the Supreme Court held it constitutional to use "an uncounseled misdemeanor conviction, valid ... because no prison term was imposed, ... to enhance punishment at a subsequent conviction." We have interpreted this holding to mean "prior uncounseled misdemeanor convictions that are themselves constitutional may be used to enhance punishment for subsequent convictions." *United States v. Lockhart*, 37 F.3d 1451, 1454 (10th Cir. 1994); *see United States v. Hoggard*, 61 F.3d 540, 543 (7th Cir.1995) ("The fundamental premise of *Nichols* is that an uncounseled misdemeanor conviction may be used to enhance punishment for a subsequent offense if it was validly obtained."). Once the prosecution establishes the existence of a conviction, the defendant must prove by a preponderance of the evidence that the conviction was constitutionally infirm. *United States v. Johnson*, 973 F.2d 857, 862 (10th Cir.1992).

▉▉▉ The presentence report establishes evidence that Mr. Windle waived his right to counsel at each of his prior convictions resulting in jail time. Under the Sixth Amendment, Mr. Windle has a constitutional right to waive his right to counsel. *Faretta v. California*, 422 U.S. 806, 818–21, 95 S.Ct. 2525, 2532–34, 45 L.Ed.2d 562 (1975). Thus, the absence of counsel is not enough to make the convictions constitutionally infirm. In the absence of any allegations to the contrary, we assume that Mr. Windle's decision to waive his right to counsel was constitutionally sound, and thus his convictions were also constitutional. The district court properly included the three prior uncounseled, yet constitutionally valid, convictions in its sentencing determination.

## IV

▉▉▉ Next, Mr. Windle contends the dis-

---

1. Although the sentencing guidelines do not address the issue directly, Mr. Windle notes that the background commentary to U.S.S.G. § 4A1.2 states: "Prior sentences, not otherwise excluded, are to be counted in the criminal history score, including uncounseled misdemeanor sentences where imprisonment was not imposed." U.S.S.G. § 4A1.2 comment. (backg'd). This comment is inapplicable to the current facts because Mr. Windle waived his right to counsel and imprisonment was imposed.

trict court violated Fed.R.Crim.P. 32(c)(1) [2] by neither making express findings as to the accuracy of disputed facts nor expressly stating that he would not rely on the disputed facts. Rule 32(c)(1) requires:

> For each matter controverted, the court must make either a finding on the allegation or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing. A written record of these findings and determinations must be appended to any copy of the presentence report made available to the Bureau of Prisons.

Mr. Windle objected in writing to inclusion of the four additional weapons and in writing and orally to the assessment of his criminal history level. Defense counsel orally objected to the evidence supporting the presentence report's finding that Mr. Windle possessed the firearms. In response to this objection, the district judge correctly noted that in a sentencing hearing all he requires is reasonable proof and he felt the probation officer had met this burden. Furthermore, at the end of the sentencing hearing the district judge stated his particular findings:

> The objections are each overruled for the reasons stated by the probation officer in the report. There is no basis. The relevant conduct guidelines are, [sic] have long been upheld by the Courts of Appeals of this land. The offense of possession of guns by a felon is well known. There is no surprise in this, and the evidence before the Court is reliable in the opinion of the Court, and in any case, the defendant had five guns which were illegally possessed by him during the relevant period.

After this finding, defense counsel objected to the inclusion of the firearms as relevant conduct. This objection, along with defense counsel's objections to the inclusion of Mr. Windle's misdemeanor convictions in calculating his criminal history category, challenges the district court's application of the guidelines to the facts and not the facts themselves. "Such an attack does not implicate Rule 32(c)(3)(D)." *United States v. Cox,* 934 F.2d 1114, 1126 (10th Cir.1991).

**2.** Formerly Fed.R.Crim.P. 32(c)(3)(D).

## V

 Mr. Windle finally contends the district court violated Fed.R.Crim.P. 32 by not permitting defense counsel to orally present objections. We review the district court's conduct for abuse of discretion. *Cf. Weatherhead v. Globe Int'l, Inc.,* 832 F.2d 1226, 1227–28 (10th Cir.1987). Although the district court did cut defense counsel short during some of her objections, he made it clear that he had read her written objections, listened to her oral objections and concluded by asking if she had any additional objections. We do not find this conduct amounts to abuse of discretion.

For the reasons stated above the district court's rulings are **AFFIRMED**.