**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 24 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

DEREK TYRONE HARRISON,

      Defendant - Appellant.

No. 98-3351
(D.C. No. 98-CR-40012-DES)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

Defendant-Appellant Derek Tyrone Harrison appeals from the sentence
imposed by the district court. Mr. Harrison entered into a plea agreement with the
United States government whereby he pled guilty to seven counts of robbery, 18
U.S.C. §§ 1951, 1952. Based upon his plea, Mr. Harrison received a two-level
downward sentencing adjustment for acceptance of responsibility. The district

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

court imposed a prison sentence of 109 months on each count, to run concurrently. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and we affirm.

First, Mr. Harrison challenges the accuracy of the pre-sentence investigation report detailing his criminal history. Specifically, Mr. Harrison contests the inclusion of two Kansas City Municipal misdemeanor convictions as uncounseled. The propriety of considering uncounseled misdemeanor convictions for sentencing is well established. See Nichols v. United States, 511 U.S. 738, 739 (1994); United States v. Windle, 74 F.3d 997, 1001 (10th Cir. 1996). "Once the prosecution establishes the existence of a conviction, the defendant must prove by a preponderance of the evidence that the conviction was constitutionally infirm." Windle, 74 F.3d at 1001. Mr. Harrison failed to carry his burden and the convictions were properly counted. Mr. Harrison also claims that his criminal history was overrepresented by two points assessed under U.S. Sentencing Guideline §4A1.1(d) for offenses committed during parole. The record clearly demonstrates that Mr. Harrison was on parole at the time of the offense and the additional points were appropriate.

Second, Mr. Harrison contends that the five level enhancement of his criminal history based on U.S.S.G. §3D1.4 is in error. He contends that, although the plea agreement indicated that the government would seek a five-level

enhancement, the plea agreement did not say that the same would be granted. The record indicates that Mr. Harrison voluntarily accepted the plea, and having done so, he cannot now seek to change its terms.

Finally, Mr. Harrison contends that he should have received a three point downward adjustment, rather than two, for accepting responsibility pursuant to U.S.S.G. §3E1.1. This determination is best done by the sentencing judge and will not be reversed absent clear error. United States v. Ivy, 83 F.3d 1266, 1292 (10th Cir. 1996).

Appellant's court-appointed counsel has moved the court for permission to withdraw pursuant to 10th Cir. R. 46.4(B)(1) and Anders v. California, 386 U.S. 738 (1967). This motion is GRANTED.

AFFIRMED.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge