**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**OCT 15 1999**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JESSE ALFRED BALL,

      Defendant-Appellant.

No. 98-5092
(D.C. No. 97-CR-129-K)
(N. Dist. Okla.)

## ORDER AND JUDGMENT*

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* FED. R. APP. P. 34(f); 10th Cir. R. 34.1(A)(2). The case is therefore ordered submitted without oral argument.

Defendant Jessie Alfred Ball, Jr. appeals the district court's judgment

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

imposing a sixty-four month sentence after he pled guilty to one count of being a felon in possession of a firearm. We affirm.

Mr. Ball was arrested during a methamphetamine laboratory investigation conducted by state and federal agents. He consented to a search of his home, where police found a number of weapons which Mr. Ball claims were part of his late father's collection. Because of his status as a convicted felon,[1] Mr. Ball was charged with violating 18 U.S.C. § 922(g)(1). He pled guilty and was sentenced to 64 months in prison.

In calculating the sentence under the U.S. Sentencing Guidelines, the district court applied a four-level increase to Mr. Ball's offense level based on the presentence investigation report's finding that he had fifteen "firearms" in his possession. U.S. SENTENCING GUIDELINES MANUAL § 2K2.1(b)(1)(D) (four level enhancement for offenses involving 13 to 24 firearms). Mr. Ball did not object in district court to either the finding of fifteen "firearms" or to the application of the four-level increase on the basis of that finding.

Mr. Ball now contends the district court erroneously applied the guidelines to include items that do not meet the definition of "firearms" as set forth in 18 U.S.C. § 921(a)(3). He asserts that at least five of the items the court considered in computing his sentence were merely combinations of gun components not

_____

[1]Mr. Ball committed a murder in 1978, to which he pled guilty in 1985.

covered under the statute.  Because he failed to object to the characterization of the items as "firearms," we review the district court's application of the guidelines for plain error.  *See* FED. R. CRIM. P. 52(b); *United States v. Ivy*, 83 F.3d 1266, 1297 (10th Cir. 1996) ("[I]f a defendant fails to object to his presentence report, he waives his right to challenge the district court's reliance on it, unless the district court's decision to do so amounts to plain error."); *United States v. Ciapponi*, 77 F.3d 1247, 1252 (10th Cir. 1996).

Under the plain error standard, "[d]efendant must show: (1) an 'error,' (2) that is 'plain,' which means 'clear' or 'obvious' under current law, and (3) that 'affect[s] substantial rights.'"  *United States v. Fabiano*, 169 F.3d 1299, 1303 (10th Cir. 1999) (quoting *Johnson v. United States*, 520 U.S. 461 (1997)).  *See also United States v. Olano*, 507 U.S. 725, 732 (1993).  He faces two large hurdles in making this showing.

First, it is not clear that the district court's application of the guidelines was in error.  The gun components Mr. Ball claims were incorrectly counted as "firearms" include: one rifle barrel with receiver assembly, two barrels with receivers but no stocks, and one shotgun without a stock.  The commentary to the guidelines defines "firearm," in relevant part, as: "(i) any weapon . . . which will, or is designed to, or may readily be converted to, expel a projectile by the action of an explosive; (ii) the frame or receiver of any such weapon; . . . ."  *See* USSG

§ 2K2.1, commentary (n.1); 18 U.S.C. § 921(a)(3). This court professes little knowledge of weaponry. We do not know, for instance, whether the component combinations Mr. Ball possessed are "designed to" or "may readily be converted to" expel projectiles by the action of explosives. Nor do we know the proper characterization of "receiver assemblies," or how the components of "barrels" and "stocks" relate to the guideline definition of "firearm."

These are factual disputes, and "when a defendant fails to raise [factual inaccuracies in the presentence report] below, we have no factual record by which to review the application of the guidelines." *United States v. Saucedo*, 950 F.2d 1508, 1518 (10th Cir. 1991), *overruled on other grounds*, *Stinson v. United States*, 508 U.S. 36 (1993). Morever, we have held on numerous occasions that "a factual dispute concerning the applicability of a particular guideline, not brought to the attention of the district court, does not rise to the level of plain error." *Saucedo*, 950 F.2d at 1518. *Accord United States v. Richardson*, 86 F.3d 1537, 1554 (10th Cir. 1996) (factual dispute regarding presentence report's calculation of the type of methamphetamine defendant possessed not plain error); *United States v. Jones,* 80 F.3d 436, 438-39 (10th Cir. 1996) (disputes over presentence report's conclusions regarding type of methamphetamine, nature of previous convictions, and acceptance of responsibility were factual and not plain error); *United States v. Windle*, 74 F.3d 997, 1001 (10th Cir. 1996) (factual dispute over

presentence report's conclusion that gun defendant possessed was stolen not plain error).

Second, we have been unable to find, and Mr. Ball admits that he is unable to cite us to, a single case in which this circuit construes the application of the guideline definition of "firearm." As such, by definition, any error committed by the district court could not have been plain, "clear," or "obvious" under current law.

Defendant's Motion for Leave to File a Second Supplemental Opening Brief is **DENIED**. The sentence of the district court is **AFFIRMED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge