**F I L E D**
United States Court of Appeals
Tenth Circuit

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JUL 27 2000

PATRICK FISHER
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

HILARIO ALFREDO RAMIREZ-
RODRIGUEZ,

Defendant-Appellant.

No. 00-1047
(D.C. No. 99-CR-60-D)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **McKAY**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Hilario Alfredo Ramirez-Rodriguez appeals from imposition of a sentence based in part on one criminal history point imposed for a prior uncounseled misdemeanor conviction. Our jurisdiction arises under 18 U.S.C. § 3742, and we affirm.

In October 1999, Mr. Ramirez-Rodriguez pleaded guilty to one count of distribution of heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and to one count of using or carrying a firearm during the commission of a drug trafficking felony in violation of 18 U.S.C. § 924(c). Mr. Ramirez-Rodriguez had a prior misdemeanor conviction for driving while ability impaired, for which he served twenty-five days in jail in 1997 after revocation of a one-year probation for failure to comply with the terms of the probation. The presentence report recommended, and Mr. Ramirez-Rodriguez objected to, the addition of one criminal history point for this conviction. After a hearing on the matter at which Mr. Ramirez-Rodriguez testified, the district court found that, by signing a document at the 1997 probation revocation hearing acknowledging that he had been advised that he could request appointed counsel without cost and waiving that right, Mr. Ramirez-Rodriguez had clearly waived his right to counsel. *See* Tr. at 28-29. The court found that Mr. Ramirez-Rodriguez's uncounseled conviction was not unconstitutionally infirm because he had knowingly and voluntarily waived his right to counsel. *See* Tr. at 27. The court added one

criminal history point for the conviction, holding that under *United States v. Windle*, 74 F.3d 997 (10th Cir. 1996), prior uncounseled misdemeanor convictions that are not constitutionally infirm may be used to enhance punishment for subsequent convictions.

On appeal, Mr. Ramirez-Rodriguez argues that, under *Loper v. Beto*, 405 U.S. 473, 481 (1972), adding the criminal history point for an uncounseled misdemeanor conviction was erroneous. We conduct a de novo review of the court's interpretation and application of a sentencing guideline, disturbing the court's factual findings only for clear error. *See Windle*, 74 F.3d at 1000-01. A defendant attacking the validity of a prior conviction for sentencing purposes must show by a preponderance of the evidence that his prior statement was involuntary or unknowing. *See United States v. Wicks*, 995 F.2d 964, 978 (10th Cir. 1993); *Windle*, 74 F.3d at 1001 (stating that "[o]nce the prosecution establishes the existence of a conviction, the defendant must prove by a preponderance of the evidence that the conviction was constitutionally infirm").

Mr. Ramirez-Rodriguez first argues that his case is distinguishable from *Windle* because the presentence investigation report in his case failed to establish that he knowingly and voluntarily waived his right to counsel. We disagree. The presentence investigation report contained the signed waiver, which carried a presumption of regularity. *See Parke v. Raley*, 506 U.S. 20, 29 (1992).

Mr. Ramirez-Rodriguez admitted that he signed the waiver. The existence of the admittedly signed waiver is enough to establish a knowing and voluntary waiver of rights in the absence of any evidence to the contrary.

Mr. Ramirez-Rodriguez next argues that he proved at his sentencing hearing that his waiver was not knowing and voluntary, citing to the "proffer" of testimony made by his attorney at the hearing. Mr. Ramirez-Rodriguez is mistaken about what is contained in a "proffer" of evidence. A "proffer" is the actual documentary evidence or sworn testimony that is presented in court. It does not include the attorney's unsworn statement explaining to the court what he hopes the evidence will show which prefaces the proffer. An attorney's unsworn statement regarding what he thinks a witness will say when he testifies is not evidence and has no legal effect. *Cf. Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970) (holding that attorney's statement that defendant had a good defense to allegations of fraud was "a bald allegation, without the support of facts underlying the defense, [and] will not sustain the burden of the defaulting party under Rule 60(b)"). Although Mr. Ramirez-Rodriguez's counsel represented to the court that Mr. Ramirez-Rodriguez did not read the waiver before signing it and that neither the court nor the prosecutor verbally informed him of his right to counsel, Mr. Ramirez-Rodriguez did not testify to these representations when given the opportunity to do so at the hearing.

Mr. Ramirez-Rodriguez failed to present any evidence that the waiver he signed in 1997 was involuntary or unknowing. The district court had before it no evidence to rebut the presumption of regularity of the signed waiver and did not err in finding that Mr. Ramirez-Rodriguez had voluntarily and knowingly waived his right to counsel.

The judgment of the United States District Court for the District of Colorado is **AFFIRMED**.

Entered for the Court

Stephen H. Anderson
Circuit Judge