**F I L E D**
**United States Court of Appeals
Tenth Circuit**

**APR 9 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS ALLEN GALLIHER,

Defendant - Appellant.

No. 01-1438
(D.C. No. 00-CR-364-S)
(D. Colorado)

**ORDER AND JUDGMENT** *

Before **PORFILIO** , **ANDERSON,** and **BALDOCK,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

Thomas Allen Galliher appeals the sentence imposed following his
conviction for being a felon in possession of a firearm. He contends that the

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court erred in including two uncounseled misdemeanor convictions in calculating his criminal history score. We affirm.

Mr. Galliher entered a guilty plea to being a felon in possession of a firearm. The presentence report included a misdemeanor conviction for Third Degree Assault for which he originally was sentenced to 24 months of unsupervised probation. Probation was eventually revoked and Mr. Galliher was sentenced to 90 days in jail. The presentence report states that Mr. Galliher appeared pro se. The report assessed Mr. Galliher 2 points for this conviction. The other challenged conviction was for Driving While License Under Restraint for which Mr. Galliher was sentenced to 30 days in the county jail, credit for time served. Again the report states that Mr. Galliher appeared pro se. The report assessed one criminal history point for this conviction.

Mr. Galliher argues that because these convictions were uncounseled and imprisonment was imposed, they should not have been counted in calculating his criminal history score. Because Mr. Galliher did not object at sentencing to his criminal history calculation, we review for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Occhipinti*, 998 F.2d 791, 801 (10th Cir. 1993). Application of the wrong guideline range constitutes plain error. *Id*. at 801-02.

A court may not base a sentence enhancement on a prior uncounseled misdemeanor conviction where the defendant was sentenced to imprisonment,

unless the defendant waived counsel. *See Nichols v. United States*, 511 U.S. 738, 746-47 (1994). However, once the government establishes the existence of a prior conviction, the defendant bears the burden of proving by a preponderance of the evidence that this prior conviction was constitutionally infirm. *United States v. Windle*, 74 F.3d 997, 1001 (10th Cir.), *cert. denied*, 517 U.S. 1115 (1996).

Here, Mr. Galliher not only did not present any evidence that the prior misdemeanor convictions were constitutionally suspect, he did not object to the presentence report at all. Accordingly, we do not find plain error.

**AFFIRMED**. The mandate shall issue forthwith.

Entered for the Court

Stephen H. Anderson
Circuit Judge