**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 20 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GUSTAVO MOLINA-BARAJAS,
also known as Gustavo Lopez-Ibarra,

Defendant - Appellant.

No. 01-2195
(D.C. No. CR-00-662-BB)
(D. New Mexico)

---

**ORDER AND JUDGMENT** *

---

Before **O'BRIEN** and **PORFILIO** , Circuit Judges, and **KANE** ,** Senior
District Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

** The Honorable John L. Kane, Senior District Judge, United States District
Court for the District of Colorado, sitting by designation.

I.

Defendant-appellant Gustavo Molina-Barajas was indicted in the United States District Court for the District of New Mexico for one count of reentering the United States in violation of 8 U.S.C. §§ 1326(a)(1), (a)(2), and (b)(2). Defendant pled guilty to the charge, and the district court sentenced him to fifty-seven months' imprisonment and three years of supervised release. Defendant appeals his sentence, claiming the district court erred in calculating his criminal history category under USSG § 4A1.1. We exercise jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm defendant's sentence.

Following the entry of defendant's guilty plea, a United States probation officer prepared a presentence report (PSR), recommending that defendant be sentenced based on a criminal history category of IV and an offense level of 21. Defendant filed objections to the PSR, arguing, inter alia, that the district court could not assess one criminal history point under USSG § 4A1.1(c) for a prior misdemeanor burglary conviction in municipal court in Los Angeles, California, because he was not represented by counsel in that case. In response to defendant's objection, the probation officer prepared an addendum to the PSR in which she stated that defendant waived his right to counsel in the California case. As evidence of the waiver, the probation officer produced a document entitled

"Case Summary" from the Municipal Court of Los Angeles, case No. 91R19658.

The Case Summary states as follows:

> Defendant is present in court, and not represented by counsel . . .
> Defendant advised of the following rights via video cassette:
> Defendant arraigned and advised of the following rights at
> mass advisement: speedy public trial, trial within 30/45 days, right
> to remain silent, subpoena power of court, confrontation and
> cross examination, jury trial, court trial, right to attorney, self
> representation, reasonable bail, citizenship, effect of priors, pleas
> available probation. . . .
>
> Defendant personally waives right to counsel, appearing in propria
> persona. Court advises defendant that self-representation is almost
> always an unwise choice, and will not work to his advantage; further,
> that he will not be helped or treated with special leniency by the
> court or the prosecutor, and that he will be held to the same standards
> of conduct as an attorney. Further, if he wishes to represent himself,
> he will not be able to claim later that he made a mistake, or that he
> received ineffective assistance of counsel. . . . [Court] determines
> that defendant is competent to represent himself.
>
> Defendant advised of and personally and explicitly waives the
> following rights: representation by counsel . . . .

*See* Ex. B to Appellee's Answer Br. at 3-4 (type face modified).

At the sentencing hearing, defendant's counsel reiterated the objection to the assessment of one criminal history point for the California conviction. *See* R., Vol. V at 5. However, defendant's counsel did not offer any evidence to rebut the statement in the Case Summary that defendant had waived his right to counsel. Instead, counsel only informed the court that she had requested that the government produce a copy of a written waiver signed by defendant, but the

government had not produced any such document to her. *See id.* The district court overruled defendant's objection to the assessment of one criminal history point for the California conviction, *see id.* at 6, and the court adopted the factual findings and guideline applications in the PSR, *see id.* at 9.

On appeal, defendant again argues that the district court erred in assessing one criminal history point for the California conviction, and he again points to the lack of a signed waiver of his right to counsel. For the first time, defendant also claims on appeal that: (1) he could not have knowingly and intelligently waived his right to counsel because he only has a fifth grade education; he suffered a head injury prior to the waiver; and there is no indication an interpreter was provided for him; and (2) there is a question of fact as to whether he committed the burglary charged in the California case. To support the latter assertion, defendant points to the fact that the name of the defendant in the California case was "Gustavo Adolfo Juarez." [1] *See* Ex. B to Appellee's Answer Br. at 1. He also points out that, according to the Case Summary, the defendant in the California case was born on November 18, 1965, *see id.*, while he was born on November 19, 1966, according to the PSR.

---

[1] According to the addendum to the PSR, the Federal Bureau of Investigation had linked defendant to the alias "Gustavo Adolfo Juarez" through fingerprint analysis.

We review the district court's application of the sentencing guidelines de novo and its factual findings for clear error, giving due deference to the court's application of the guidelines to the facts. *See United States v. Henry*, 164 F.3d 1304, 1310 (10th Cir. 1999). Likewise, we review de novo the question of whether a waiver of counsel is voluntary, knowing, and intelligent. *See United States v. Taylor*, 113 F.3d 1136, 1140 (10th Cir. 1997).

Because defendant was imprisoned on the California conviction,[2] there is no question he had a right to counsel under the Sixth Amendment. *See Argersinger v. Hamlin*, 407 U.S. 25, 37 (1972). There is also no question that defendant may collaterally attack the use of the California conviction to enhance his sentence in this case if the conviction was obtained in complete violation of his right to counsel. *See United States v. Garcia*, 42 F.3d 573, 581 (10th Cir. 1994). On the other hand, it is equally well established that defendant has a constitutional right to waive his right to counsel. *See United States v. Windle*, 74 F.3d 997, 1001 (10th Cir. 1996). Further, if defendant entered into a valid waiver, the waiver precludes him from collaterally attacking the California conviction. *Id.*

---

[2] Defendant was sentenced to twenty days in jail and twenty-four months' probation for the burglary charge. *See* Ex. B to Appellee's Answer Br. at 1.

Because the Case Summary shows that defendant expressly waived his right to counsel in the California case, it was defendant's burden to prove the waiver was not knowingly and intelligently made, or is otherwise constitutionally infirm. *See United States v. Williamson*, 806 F.2d 216, 220 (10th Cir. 1986); *see also Windle*, 74 F.3d at 1001 (holding that, "[o]nce the prosecution establishes the existence of a [prior] conviction for use in enhancing the defendant's sentence, the defendant must prove by a preponderance of the evidence that the conviction was constitutionally infirm"). As set forth above, defendant failed to put forth any evidence in the district court proceedings to show that the Case Summary was in any way inaccurate, and he likewise offered no evidence to establish that the waiver of counsel summarized therein was not voluntary, knowing, and intelligent. Instead, defendant's only objection was that the government had not produced a signed waiver, and that objection was irrelevant given defendant's failure to offer any substantive evidence to contradict the Case Summary. Accordingly, we agree with the district court that the California conviction is constitutionally valid for enhancement purposes. *See Windle*, 74 F.3d at 1001 (holding that a record indicating counsel was waived in the predicate misdemeanor case is sufficient, in the absence of contrary allegations, to make the conviction constitutionally valid for enhancement purposes).

Finally, for the first time on appeal, defendant has put forth several vague and conclusory reasons as to why the waiver of counsel in the California case was invalid. However, each of the reasons put forth by defendant involve factual issues that must be raised in the district court in the first instance or they are waived. *See United States v. Saucedo*, 950 F.2d 1508, 1518 (10th Cir. 1991), *overruled on other grounds*, *Stinson v. United States*, 508 U.S. 36 (1993). Moreover, "[a] factual dispute concerning the applicability of a particular guideline, not brought to the attention of the district court, does not rise to the level of plain error." *Id.* This same waiver rule also applies to defendant's claim that there is a question of fact as to whether he committed the burglary charged in the California case, and we are prohibited from considering that claim for the first time on appeal. *See United States v. Jones*, 80 F.3d 436, 438 (10th Cir. 1996) (holding that a defendant's claim of innocence with respect to a prior conviction that was asserted for the first time on appeal "involve[d] a factual dispute concerning the applicability of a particular guideline, which . . . does not rise to the level of plain error").

The sentence imposed by the district court is AFFIRMED.

Entered for the Court

John L. Kane
Senior District Judge