**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 17 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HAROLD ALLEN CREIGHTON, JR.,

Defendant - Appellant.

No. 03-8030
(D.C. No. 02-CR-0152-D)
(D. Wyo.)

**ORDER AND JUDGMENT***

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

In this direct criminal appeal, defendant Harold Allen Creighton argues that the district court improperly applied U.S.S.G. § 2K2.1(b)(5) to enhance his sentence. Exercising jurisdiction pursuant to 18 U.S.C. § 3742(a)(2) and 28 U.S.C. § 1291, we **AFFIRM**.

---

* The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

# I

On June 1, 2002, Creighton was pulled over by a deputy county sheriff because his vehicle's hazard lights were flashing. During a pat-down search, Creighton told the deputy there was a Llama, .45 caliber, semi-automatic pistol in the vehicle. Discovering that there were two active state warrants against him, the officer arrested Creighton.

On June 24, 2002, a different officer, aware of an active state warrant against Creighton, saw Creighton riding a skateboard and wearing a backpack. When the officer attempted to stop Creighton, Creighton ran away. As the officer gave chase, Creighton jumped into the backseat of a four-door Cadillac. When the Cadillac was eventually stopped by pursuing police officers, Creighton jumped out of the car and ran again, leaving his backpack behind. Creighton was eventually apprehended and the officers returned with him to the vehicle. A search of the vehicle and backpack revealed a loaded Glock .40 caliber pistol, two magazines with ammunition for the Glock, and a disputed amount of methamphetamine (either eighteen or nearly twenty-nine grams).

On November 27, 2002, Creighton pled guilty in Wyoming state court to possession of a controlled substance, a felony, for the methamphetamine found June 24. Creighton was charged in federal district court with two felony counts of felon in possession of a firearm—one count for the June 1 Llama possession,

and another count for the June 24 Glock possession—both in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Subsequently, Creighton entered into a plea agreement under which he pled guilty to the first count, in exchange for the government's agreement to dismiss the second count. At his sentencing, the federal district court determined that Creighton's possession of the Glock on June 24 (the offense underlying the dismissed count) was part of the same course of conduct as his earlier felony possession of the Llama. In addition, the court found that the Glock was possessed by Creighton in connection with the state felony offense of methamphetamine possession. As a result, the district court sentenced Creighton under U.S.S.G. § 2K2.1(b)(5), enhancing his sentence by four offense levels.

## II

We review a district court's interpretation of the Sentencing Guidelines de novo, United States v. Fortier, 180 F.3d 1217, 1225 (10th Cir. 1999), interpreting the Sentencing Guidelines "as if they were a statute," and following their language where it is clear and unambiguous, United States v. Tagore, 158 F.3d 1124, 1128 (10th Cir. 1998). Factual findings made by the district court are reviewed for clear error, with the evidence and inferences therefrom viewed in the light most favorable to the district court's decision. United States v. Brown, 314 F.3d 1216, 1222 (10th Cir. 2003).

Section 2K2.1(b)(5) of the Sentencing Guidelines provides that if a defendant "used or possessed any firearm or ammunition in connection with another felony offense," the base offense level at sentencing is increased by four levels. U.S.S.G. § 2K2.1(b)(5). Following the reasoning of United States v. Windle, 74 F.3d 997, 1000 (10th Cir. 1996) (interpreting the "relevant conduct" language of U.S.S.G. § 1B1.3), the district court in the instant case determined that the degree of similarity between the June 1 and June 24 firearm offenses, coupled with the short time period between the two offenses, led to the conclusion that the two firearm offenses constituted the same course of conduct. The district court also found that Creighton possessed the Glock in connection with the state felony offense of possession of methamphetamine. As a result, the court found a sentencing enhancement under § 2K2.1(b)(5) to be appropriate and enhanced Creighton's sentence by four levels.

On appeal, Creighton argues that his sentence enhancement was improper because: (1) the enhancement was based on a different firearm and conduct (the Glock possession) than the offense for which Creighton was convicted (the Llama conviction); and (2) that there was insufficient evidence to find the Glock was possessed "in connection with" the drug possession offense. As to the first contention of error, Creighton more precisely argues that § 2K2.1(b)(5) addresses "specific offense characteristic[s]," presumably limited to the offense charged,

and therefore, the district court's reliance on conduct from a separate, uncharged offense for possession of a firearm under § 2K2.1(b)(5) was improper. Second, Creighton argues that there was insufficient evidence to establish a nexus between the firearm discovered in the June 24th search and the drug possession; thus, he contends that the government failed to establish that the Glock found was possessed "in connection with" the underlying drug offense charged.

Section 2K2.1(b)(5) provides for an increase of four levels in the base offense level if "the defendant used or possessed <u>any</u> firearm or ammunition in connection <u>with another felony offense</u>." U.S.S.G. § 2K2.1(b)(5) (emphasis added). The Application Notes make clear that the term "felony offense" includes uncharged offenses. U.S.S.G. § 2K2.1, cmt. n.7. To accept Creighton's contention of error would require us to conclude that because § 2K2.1(b) is titled "Specific Offense Characteristics," the meaning of "any firearm," read in context, requires that the firearm on which the enhancement rests be <u>the same</u> firearm upon which the conviction rests. We conclude that the meaning of "any firearm" is not altered so drastically by the title of the subsection. Rather, a plain reading of the guideline persuades us that Creighton's possession of the Glock, if in connection with another felony (i.e., his methamphetamine offense) constitutes possession of "any firearm . . . in connection with another felony offense," thereby satisfying the requirements of U.S.S.G. § 2K2.1(b)(5).

Next, we address Creighton's argument regarding the sufficiency of the evidence supporting the "in connection with" requirement of § 2K2.1(b)(5). Creighton contends that the proximity between the Glock and the methamphetamine, both of which were found in the Cadillac where Creighton abandoned the weapon and his backpack, is insufficient to find that the Glock was possessed in connection with the methamphetamine offense.

We have "generally held that if the weapon facilitated or had the potential to facilitate the underlying felony, then enhancement under § 2K2.1(b)(5) is appropriate." Brown, 314 F.3d at 1222. Coincidental or unrelated weapon possession does not trigger enhancement. Id. Certainly in this case, the Glock had the potential to facilitate Creighton's possession of at least eighteen grams of methamphetamine. Further, we have previously recognized that a firearm's "proximity to narcotics may be sufficient to provide the nexus necessary to enhance a defendant's sentence under § 2K2.1(b)(5)." United States v. Browning, 252 F.3d 1153, 1160 (10th Cir. 2001) (quotation omitted).

Sufficient facts were presented to support the district court's finding that the two firearm possessions were similar enough, and close enough in time, to be considered the same course of conduct, buttressing the conclusion that enhancement was appropriate. See U.S.S.G. § 1B1.3(a), cmt. n.9(B) (explaining the factors appropriate to consider to determine if offenses are in the same course

of conduct).  Viewing the district court's factual determination that Creighton's possession of the Glock was in connection with another felony offense in the light most favorable to the district court's determination, we conclude that its finding was not clearly erroneous.

**III**

Accordingly, Creighton's sentence is **AFFIRMED**.


ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge