**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 19 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

STEPHEN CHED SANDERS,

      Defendant-Appellant.

No. 03-3275

(D. Kansas)

(D.C. No. 02-CR-40059-RDR)

**ORDER AND JUDGMENT***

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.**

Stephen Ched Sanders was convicted after a guilty plea of bank robbery in violation of 18 U.S.C. § 2113(a) and sentenced to eighty-four months' imprisonment. Mr. Sanders now appeals his sentence, arguing that the district court erred in applying a three-level enhancement pursuant to USSG §

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

** After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See FED. R. APP. P. 34(f); 10TH CIR. R. 34.1 (G). The case is therefore submitted without oral argument.

2B3.1(b)(2)(E) because he possessed a weapon during the robbery. We conclude that the district court did not err and therefore affirm Mr. Sanders's sentence.

## I. BACKGROUND

On May 4, 2002, Mr. Sanders robbed the U.S. Bank in Topeka, Kansas. He presented a teller with a note stating, "Hey, I have a gun. Stay calm. Just give me your money and I won't shoot. I got a friend outside with a automatic weapon. Wait for 15 minutes before you call the police because after I leave my friend is still outside. Sorry." Rec. vol. III at 4, ¶ 9. After the teller gave Mr. Sanders $2,049 in currency, he fled the bank on foot. A witness to the robbery reported that Mr. Sanders had a bulge in his left front pants pocket, which the witness believed to be a gun.

On May 7, 2002, Mr. Sanders turned himself in to the Topeka Police Department. He admitted that he had committed the robbery, stating that "when he handed the teller the demand note, he looked down at his waist, as if he had a gun concealed on his person, but [that] he did not actually have a weapon when he committed the robbery." Id. at 5 ¶ 12.

Mr. Sanders was charged in a one-count indictment with bank robbery in violation of 18 U.S.C. § 2113(a). The presentence report calculated the total offense level at twenty-two, applying a three-level enhancement under USSG §

2B3.1(b)(2)(E), because Mr. Sanders had possessed a "dangerous weapon," as that term is defined in the Guidelines.

Mr. Sanders objected to the enhancement. He argued that:

> The plain language of the commentary to USSG §§ 2B3.1 . . . necessarily requires some "object" to support a finding of possession of a dangerous weapon. . . .
> . . . [I]n this case, there was no "object." Mr. Sanders did not conceal his hand to give the impression that he possessed a weapon. The alleged bulge in his pants pocket when he was outside the bank, running away, could have been anything. However, it certainly was not a weapon. Furthermore, the ability of the customer to even see Mr. Sanders' pants pockets is questionable, inasmuch as the witnesses described the accused as wearing a long-tailed shirt which hung outside his pants.

Rec. vol. I, doc. 96, at 3 (Sentencing Memorandum, filed Aug. 22, 2003).

The district court overruled Mr. Sanders's objection. The court reasoned that "[t]he combination of the note, the customer's observation and [Mr. Sanders's] own statement following his arrest suggest that the defendant's objection must be denied. The record supports a finding that the defendant created the impression that he had a dangerous weapon." Rec. vol. I, doc. 100, at 3 (Memorandum and Order, filed Sept. 9, 2003).

## II. DISCUSSION

On appeal, Mr. Sanders argues that the district court erred in applying the three-level enhancement under USSG § 2B3.1(b)(2)(E). He maintains that (1) the court improperly relied on statements in the presentence report without requiring the government to present evidence; and (2) even if reliance on the presentence report was proper, the statements contained there are insufficient to support the enhancement. Mr. Sanders's first argument raises a legal issue regarding the Federal Rules of Criminal Procedure, and we therefore engage in de novo review. United States v. Kravchuk, 335 F.3d 1147, 1160 (10th Cir. 2003). However, his second argument concerns the district court's factual findings, which we may overturn only if clearly erroneous. See United States v. Farrow, 277 F.3d 1260, 1268 (10th Cir. 2002).

### A. Reliance on the Presentence Report

According to Mr. Sanders, "the court, in the absence of any evidence to support the enhancement, found that the enhancement was applicable" by relying on statements set forth in the presentence report. Aplt's Br. at 6. Mr. Sanders suggests that this was error that requires remand for resentencing.

This argument requires us to examine the district court's fact-finding obligations at sentencing under the Federal Rules of Criminal Procedure. Under

Rule 32(i)(3)(B), "for any disputed portion of the presentence report or other controverted matter" during sentencing, the court must "rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." FED. R. CRIM. P. 32(i)(3)(B) (2003); see generally United States v. Pedraza, 27 F.3d 1515, 1530-31 (10th Cir. 1994) (discussing the prior version of this requirement, then set forth in Rule 32(c)(3)(D)). This circuit "has repeatedly held that a District Court may not satisfy its obligation . . . by simply adopting the presentence report as its finding." United States v. Guzman, 318 F.3d 1191, 1198 (10th Cir. 2003); Pedraza, 27 F.3d at 1530-31. However, "challenges [to] the district court's application of the guidelines to the facts and not the facts themselves" do not trigger the district court's fact finding obligations under Rule 32. United States v. Windle, 74 F.3d 997, 1002 (10th Cir. 1996).

Upon review of the record, we conclude that Mr. Sanders's challenges to the enhancement concerned the district court's "application of the guidelines to the facts and not the facts themselves." Id. As a result, the district court did not shirk its obligations under FED. R. CRIM. P. 32 by relying on the presentence report.

In particular, Mr. Sanders did not object to the statements in the presentence report that he "handed the teller the demand note [and]. . . looked

down at his waist, as if he had a gun concealed on his person" and that "[a] witness to the robbery also reported that [Mr.] Sanders had a bulge in his left front pants pocket, which he believed to be a gun." Rec. vol. III, at 5 ¶ 12; see id at 24 ¶ 122. Instead, Mr. Sanders argued that the statements set forth in the presentence report were not legally sufficient to justify application of the enhancement. See Rec. vol. I, doc. 96, at 1-5 (Defendant's Sentencing Memorandum, filed Aug. 22, 2003) (stating that "the presentence report writer erroneously enhanced the base offense level by three points for possession of a weapon" but not disputing specific facts).

Accordingly, the district court properly relied on the presentence report in applying the enhancement. See Windle, 74 F.3d at 1002.

### B. Three-level enhancement under § USSG § 2B3.1(b)(2)(E)

Mr. Sanders also contends that, even if the court did not err in relying on the presentence report, the facts set forth there do not warrant application of the three level enhancement under USSG § 2B3.1(b)(2)(E). We disagree.

Under § 2B3.1(b)(2)(E), the district court is required to apply a three-level increase in the offense level for a robbery conviction if "a dangerous weapon was brandished or possessed." Under the commentary to this provision, "an object shall be considered to be a dangerous weapon . . . if (A) the object closely

resembles an instrument capable of inflicting death or serious bodily injury; or (B) the defendant used the object in a manner that created the impression that the object was an instrument capable of inflicting death or serious bodily injury (*e.g.*, a defendant wrapped a hand in a towel during a bank robbery to create the appearance of a gun)." USSG § 2B3.1 cmt 2. The court applies an objective standard, asking "'whether a reasonable person, under the circumstances of the robbery, would have regarded the object that the defendant brandished . . . or possessed as a dangerous weapon.'" Farrow, 277 F.3d at 1268 (quoting United States v. Hart, 226 F.3d 602, 607 (7th Cir. 2000)).

We have noted that many courts have applied an expansive definition of what "objects" may constitute a dangerous weapon under this provision. Farrow, 277 F.3d at 1267. Those cases "are uniformly predicated on the underlying policy that even the perception of a dangerous weapon has the potential to add significantly to the danger of injury or death." Id. We have thus concluded that a defendant's hand, placed in his pocket during the robbery, may constitute a "dangerous weapon" under USSG § 2B3.1(b)(2)(E). Id. at 1268.

Here, the district court expressly found that Mr. Sanders "created the impression that he had a dangerous weapon." Rec. vol. I doc. 100, at 3. The court cited "the combination of [Mr. Sanders's] note [to the teller], the customer's observation [of the bulge in Mr. Sanders's pocket], and [Mr. Sanders's] own

-7-

statement following his arrest." Id. In light of the statements in the presentence report, we conclude that, even though no one in the bank observed an actual weapon, and the customer's opportunity to observe a bulge in Mr. Sanders's pocket may have been limited, the district court did not clearly err in finding that the witnesses to the robbery had a reasonable perception that Mr. Sanders possessed a dangerous weapon.

## III. CONCLUSION

Accordingly, we AFFIRM Mr. Sanders's sentence.

Entered for the Court,

Robert H. Henry
Circuit Judge