**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 24 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MICHAEL W. PRITCHETT,

    Defendant-Appellant.

No. 03-3041

(D.C. No. 02-CR-40058-02-SAC)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **McWILLIAMS**, and **McCONNELL**, Circuit Judges.

Defendant Michael W. Pritchett appeals his 113-month sentence imposed after his guilty plea to one count of conspiracy to distribute more than 500 grams of a mixture containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. We affirm.

Pritchett contends the district court erred in computing his criminal history points when it added one point for a Georgia state court misdemeanor conviction in which he

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeared pro se.  He argues that under <u>Alabama v. Shelton</u>, 535 U.S. 654 (2002), his

Sixth Amendment right to counsel was violated during the Georgia proceeding because

he was convicted and sentenced to a suspended sentence without benefit of counsel.  In

<u>Shelton</u>, the Court concluded a "suspended sentence is a prison term imposed for the

offense of conviction" giving rise to a defendant's Sixth Amendment right to counsel.  <u>Id.</u>

at 662.

The district court overruled Pritchett's objection to the computation of his criminal

history.  The court determined that Pritchett bore the burden of proving by a

preponderance of the evidence that his prior conviction was constitutionally infirm.  <u>See</u>

<u>United States v. Windle</u>, 74 F.3d 997, 1001 (10th Cir. 1996).  The court also recognized

that a presumption of regularity attaches to the state court's final judgment which a

defendant must overcome by an affirmative showing.  <u>See</u> <u>Parke v. Raley</u>, 506 U.S. 20,

29 (1992).  The district court examined the evidence and concluded that Pritchett received

a sentence of actual imprisonment and not a suspended sentence.  Applying the

presumption of regularity, the court concluded that because the standard practice in

Georgia at the time of Pritchett's state court sentencing was to provide counsel in cases

where a defendant received jail time, Pritchett had to overcome the presumption that he

was offered and waived counsel.  The district court found that Pritchett failed to

overcome that presumption and included the criminal history point.

We have reviewed the record on appeal and the briefs filed by the parties and

conclude the district court did not err in calculating Pritchett's sentence.[1]  We AFFIRM

for substantially the same reasons stated in the district court's ruling filed January 27,

2003.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[1]  On March 15, 2004, Pritchett's counsel filed a notice with this court that a Georgia court has granted Pritchett's motion to set aside the misdemeanor conviction at issue.  Pritchett has filed a motion pursuant to 28 U.S.C. § 2255 with the district court to correct his sentence and that motion is pending.